UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VIGO IMPORTING COMPANY, ) | |
| ) | |
| *Plaintiff*, ) | Case No. |
| ) | |
| v. ) | |
| ) | |
| ELENI IMPORTS, LLC ) | **Jury Trial Demanded** |
| ) | |
| *Defendant*. ) | |
| ) | |

## COMPLAINT

Vigo Importing Company ("Vigo"), by its attorneys, Holland & Knight LLP, as and for its complaint against Eleni Imports, LLC ("Defendant"), alleges as follows:

### NATURE OF ACTION AND RELIEF SOUGHT

1. This is an action for trademark infringement arising out of Defendant's unauthorized and willful use of a mark (below, right) nearly identical, and intentionally confusingly similar, to Vigo's distinctive BELLA mark (below, left).



2. Vigo, a family-run food business founded in the aftermath of World War II, owns the common law trademark BELLA for use with Italian and other Mediterranean style food products, including: olive oil, Calamata olives, black olives, granulated garlic, bay leaves, minced onions, sesame seeds, Italian style oregano, Italian style parsley, stuffed Manzanilla

Spanish olives, Spanish salad olives, jalapeno nacho rings, banana pepper rings, oil-cured olives, garden mix giardinera, grape leaves, pepperoncini, double martini onions, cocktail onions, non-pareille capers, cherry peppers, balsamic vinegar di Modena, white balsamic vinegar, Italian bread crumbs, and plain bread crumbs. Vigo has used its BELLA mark on and in connection with its food products for nearly 35 years.

3. Vigo offers its BELLA-branded food products across the United States, with particularly strong distribution in the Midwest, including Illinois and in particular this District.

4. In Illinois, Vigo's BELLA-branded balsamic vinegar and white balsamic vinegar are available, *inter alia*, at JEWEL-branded supermarkets, where BELLA-branded food products have been sold for at least the last decade.

5. In the Chicago metropolitan area, most of Vigo's BELLA-branded Italian and other Mediterranean style food products are available, *inter alia*, at JEWEL, PETE'S FRESH MARKET and SHOP N SAVE branded supermarkets, including various varieties of olive oil, olives, banana peppers, different varieties of balsamic vinegar, Italian bread crumbs, plain bread crumbs, Venetian style granulated garlic, Italian style parsley, Italian style oregano, and pepperoncini. Vigo's BELLA-branded Italian and other Mediterranean style products have been sold in the Chicago metropolitan area since at least as early as 2004.

6. Notwithstanding Vigo's longstanding use of its BELLA mark and its consequent trademark rights therein, Defendant, without authorization from Vigo, adopted its confusingly similar BELLI mark – with white italic letters on a red oval background – for its own Italian and other Mediterranean-style food products, namely its olive oil blend (the "Infringing Use").

7. On information and belief, Defendant began its Infringing Use less than three years ago, in or about 2013.

8. Defendant's BELLI-branded goods are sold at Chicago-area JEWEL stores, and, upon information and belief, in other stores across the Chicago metropolitan area.

9. Defendant's Infringing Use of Vigo's BELLA mark has caused, and will continue to cause, a likelihood of consumer confusion regarding the source of Defendant's goods and/or concerning an affiliation, association, or sponsorship between Vigo and Defendant, where no such relationship exists.

10. Defendant's Infringing Use has caused and will continue to cause irreparable harm to Vigo.

## THE PARTIES

11. Vigo Importing Company, founded in 1947, is a family-run importer, manufacturer, and distributor of fine foods, many of Italian origin.

12. Vigo owns numerous federally registered trademarks as well as several common law marks, including the BELLA mark at issue here.

13. Vigo is incorporated and existing under the laws of Florida with a primary place of business located at 4701 W. Comanche Avenue, Tampa, Florida, 33614.

14. Defendant is a limited liability company organized and existing under the laws of Illinois, with a principal place of business at 4324 91st Place, Oak Lawn, Illinois, 60453.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 because this action arises under federal law, namely, 15 U.S.C. §§ 1051, *et. seq.* (the Lanham Act).

16. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. §§1338(b) and 1367(a).

17. This Court has personal jurisdiction over Defendant because Defendant has committed one or more tortious acts complained of in this Complaint within this State and District, and because Defendant is organized under the laws of this State.

18. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in this District and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## FACTS

***Vigo's Rights in its BELLA Trademark***

19. Vigo owns the common law trademark BELLA for use with various food products, including olive oil, Calamata olives, black olives, granulated garlic, bay leaves, minced onions, sesame seeds, Italian style oregano, Italian style parsley, stuffed Manzanilla Spanish olives, Spanish salad olives, jalapeno nacho rings, banana pepper rings, oil-cured olives, garden mix giardinera, grape leaves, pepperoncini, double martini onions, cocktail onions, non-pareille capers, cherry peppers, balsamic vinegar di Modena, white balsamic vinegar, Italian bread crumbs, and plain bread crumbs.

20. Vigo has used its BELLA mark, continuously and exclusively, on and in connection with Italian and other Mediterranean style food products since on or about September, 1980.

21. Such use has spanned across much of the United States, including Illinois.

22. The term BELLA is typically translated from Italian to mean "beautiful."

23. Such meaning has no direct relation to the olive oil product with which the BELLA mark is used. For such use, the designation BELLA is arbitrary, and the mark is therefore accorded a broad scope of protection.

4

24. Vigo often displays its BELLA mark in white italic letters against a red oval background, which oval appears at the top center of the label affixed to the container in which BELLA olive oil is sold, as follows:



25. Vigo has displayed its BELLA mark on the red-oval design (the "Red-Oval Design") shown above since at least as early as 2009, and consistently uses the same design for all of its BELLA-branded Italian and other Mediterranean style food products. *See* Exhibit A (photographs of BELLA-branded goods).

26. Through such continuous and exclusive use over at least the last six years, Vigo has established common law rights in the composite trademark comprised of the word mark BELLA and the Red-Oval Design.

27. Over the last four decades, Vigo has invested substantial resources in the promotion of its BELLA word mark, engendering considerable and valuable good will and widespread consumer recognition.

28. Over at least the last six years, Vigo has invested substantial resources in the promotion of its the composite trademark comprised of the word BELLA mark and the Red-Oval Design, engendering considerable and valuable good will and widespread consumer recognition.

*Defendant's Infringing Use*

29. Upon information belief, Defendant adopted its BELLI (and red-oval design) mark for use with an olive oil blend sometime during the year 2013, and began using such mark in the Chicago metropolitan area.

30. Defendant's display of its mark is an imitation of the manner in which Vigo displays its BELLA mark, with Red-Oval Design, including white italic letters against a red oval background, which oval appears at the top center of the label affixed to the container in which BELLI olive oil blend is sold, as follows:



31. Vigo first discovered Defendant's use of its infringing BELLI (and red-oval design) mark at Jewel stores in the Chicago metropolitan area, where BELLA Italian and other Mediterranean style food products have been sold for at least a decade.

6

32. Because Defendant's display of its BELLI mark imitates Vigo's display of its BELLA mark, and because Defendant was using its BELLI (and red-oval design) mark on goods nearly identical but inferior[1] to Vigo's, Vigo was concerned that Defendant's use would cause a likelihood of consumer confusion as to product source, and that such likelihood of confusion would harm Vigo.

33. Vigo therefore contacted Defendant, on or about April 28, 2015, expressing its concerns and notifying Defendant that it was violating Vigo's valuable trademark rights. However, Defendant's Infringing Use of the BELLI mark (and red-oval design) remains ongoing at this time.

*The Likelihood of Confusion and Irreparable Harm to Vigo*

34. Defendant's use of a mark nearly identical to Vigo's BELLA mark, for goods, namely an olive oil blend, that are nearly identical but inferior to BELLA-branded Italian style food products, including olive oil, is likely to cause consumer confusion as to the source of the respective goods, and is likely to imply a false affiliation, association, or other connection between Vigo and Defendant.

35. Italian style food products, including olive oil, are often grouped together for retail in the "Italian" section of the supermarket, where the products appear in close physical proximity to one another.

36. The contemporaneous offering of Defendant's BELLI-branded olive oil products and Vigo's BELLA-branded Italian and other Mediterranean style food products at retail makes consumer confusion inevitable.

---

[1] Defendant's BELLI product is a blend of soya sunflower and olive oil, while Vigo's BELLA olive oil is pure.

37. Defendant's Infringing Use constitutes trademark infringement, false designation of origin, unfair competition and deceptive trade practices.

38. Defendant's Infringing Use has caused and will continue to cause irreparable harm to Vigo's reputation and goodwill as well as irreparable harm to the public.

*Defendant's Bad Faith and Willful Infringement*

39. Evidence suggests that Defendant has acted, and continues to act, in bad faith.

40. Vigo's BELLA-branded Italian and other Mediterranean style food products had been available at JEWEL-branded stores in the Chicago metropolitan area for at least eight years before Defendant adopted its nearly identical and intentionally confusingly similar BELLI (and red-oval design) mark and began offering its BELLI olive oil blend at those very same stores.

41. There is a Jewel-Osco supermarket located at 9424 South Pulaski Road, Oak Lawn, Illinois, less than two miles from Defendant's principal place of business.

42. On information and belief, in view of the longstanding sales and availability of Vigo's BELLA Italian and other Mediterranean style food products at Jewel stores located near Defendant and across the Chicago metropolitan area, Defendant had actual knowledge of Vigo's rights in its BELLA mark.

43. Nonetheless, Defendant adopted its nearly identical and confusingly similar BELLI (and red-oval design) mark and began using and continues to use it, without Vigo's authorization or consent, to compete directly with Vigo.

44. Further, in adopting its mark, Defendant chose to employ numerous design elements formerly unique to Vigo's use of its BELLA mark, namely: (1) white italic letters, superimposed on a (2) red oval, (3) displayed in the top center of the goods' label.

8

45.   Upon information and belief, these design choices were not coincidental; Defendant intentionally selected the design elements of the Red-Oval Design to illicit confusion among consumers and free ride on the considerable good will earned by Vigo through the decades of use and promotion of its BELLA mark.

46.   Independent of any prior knowledge, Defendant has possessed actual knowledge of Vigo's use of it BELLA mark since at least as early as April, 2015, when Vigo notified Defendant that its Infringing Use violated Vigo's trademark rights.

47.   Defendant has continued its Infringing Use since April, 2015, despite its actual knowledge of Vigo's rights in its BELLA mark.

48.   Such conduct demonstrates bad faith and constitutes willful and intentional infringement of Vigo's valuable trademark rights.

49.   The willful and intentional nature of Defendant's conduct makes this trademark infringement an exceptional case, which entitles Vigo to reasonable attorneys' fees and supports an award of treble damages pursuant to 15 U.S.C. § 1117(a).

*Allegations Common to All Counts*

50.   Vigo owns common law trademark rights in its BELLA mark for use in connection with Italian and other Mediterranean style food products, including olive oil.

51.   Vigo has used its BELLA mark, on and in connection with Italian and other Mediterranean style food products, including olive oil, in commerce, across much of the U.S., including Illinois, since at least as early as September, 1980.

52. Vigo owns common law trademark rights in the composite trademark comprised of the word mark BELLA and the Red-Oval Design for use in connection with Italian and other Mediterranean style food products, including olive oil.

53. Vigo has used the composite trademark comprised of the word mark BELLA and the Red-Oval Design on and in connection with it Italian and other Mediterranean style food products, including olive oil, in commerce, since at least as early as 2009.

54. On information and belief, Defendant's first use of its BELLI (and red oval design) mark did not occur until 2013, more than three decades after Vigo first used its BELLA mark.

55. On information and belief, Defendant had actual knowledge of Vigo's composite trademark comprised of the word mark BELLA and the Red-Oval Design before adopting its BELLI (and red-oval design) mark and Defendant continues to use its BELLI (and red-oval design) mark despite its knowledge of Vigo's trademark rights.

56. Defendant's use of its confusingly similar BELLI (and red-oval design) mark is, and has always been, unauthorized and without consent.

## COUNT I
## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125

57. Vigo repeats and realleges paragraphs 1 – 56 as if fully set forth herein.

58. Defendant's use of a mark nearly identical and confusingly similar to Vigo's BELLA mark for nearly identical but inferior goods is likely to cause consumer confusion, mistake and deception as to an affiliation, connection or association with Vigo, when none exists.

59. Defendant's use of its BELLI (and red-oval design) mark constitutes false designation of origin in violation of 15 U.S.C. § 1125(a).

10

60. On information and belief, Defendant's prior actual knowledge of Vigo's composite trademark comprised of the word mark BELLA and the Red-Oval Design demonstrates the willful, intentional and bad-faith nature of Defendant's wrongful conduct.

61. As a result of Defendant's false designation of origin, Vigo has suffered damages in an amount that has not yet been ascertained.

62. The willful and intentional nature of Defendant's wrongful conduct makes this trademark infringement an exceptional case under 15 U.S.C. § 1117(a). Vigo is therefore entitled to three times the amount of its actual damages and the attorneys' fees and costs incurred in this action, and prejudgment interest.

63. As a result of Defendant's false designation of origin, Vigo has suffered irreparable injury to its reputation and good will, and will continue to suffer such injury unless Defendant's wrongful conduct is enjoined by this Court. Vigo has no adequate remedy at law as monetary damages are inadequate to compensate Vigo for injuries caused by Defendant.

## COUNT II
## DECEPTIVE TRADE PRACTICES UNDER THE ILLINOIS DECEPTIVE TRADE PRACTICES ACT, 815 ILCS 510/2(a)

64. Vigo repeats and realleges paragraphs 1 – 63 as if fully set forth herein.

65. Defendant's use of a mark nearly identical and confusingly similar to Vigo's BELLA mark for nearly identical but inferior goods is likely to cause consumer confusion and misunderstanding as to the source, sponsorship, approval, or certification of goods .or services in Illinois consumers' minds.

66. Defendant's use of its BELLI (and red-oval design) mark constitutes a deceptive trade practice in violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2(a).

67. As a result of Defendant's deceptive trade practices, Vigo has suffered damages in an amount that has not yet been ascertained.

68. As a result of Defendant's deceptive trade practices, Vigo has suffered irreparable injury to its reputation and good will, and will continue to suffer such injury unless Defendant's wrongful conduct is enjoined by this Court. Vigo has no adequate remedy at law as monetary damages are inadequate to compensate Vigo for injuries caused by Defendant.,

69. Defendant's prior actual and/or constructive knowledge of Vigo's BELLA mark and its Red Oval Design demonstrates the willful, intentional and bad-faith nature of Defendant's wrongful conduct.

70. Such conduct, undertaken with a conscious and deliberate disregard for Vigo's trademark rights, entitles Vigo to damages in an amount to be proven at trial, including punitive damages.

**COUNT III**
**UNFAIR METHODS OF COMPETITION**
**AND DECEPTIVE ACTS UNDER THE ILLINOIS**
**CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/2**

71. Vigo repeats and realleges paragraphs 1 – 70 as if fully set forth herein.

72. Upon information and belief, Defendant's use of a mark nearly identical and confusingly similar to Vigo's BELLA mark for nearly identical but inferior goods is intended to and is likely to cause consumer confusion and misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

73. Upon information and belief, Defendant's use of deception, fraud, false pretense, false promise, misrepresentation and/or the concealment, suppression or omission of material fact, with the intent that others rely upon such concealment, suppression or omission, and/or the

use of practices described in Section 2 of the Uniform Deceptive Trade Practices Act in the conduct of trade or commerce.

74. Upon information and belief, Defendant intended to misrepresent the source of its products and intended for consumers to suffer confusion.

75. Defendant's unfair and deceptive acts and practices occurred in the normal course of trade or commerce.

76. Through its unfair and deceptive acts and practices, Defendant has harmed Vigo and American and Illinois consumers of its products.

77. Defendant's use of its BELLI (and red-oval design) mark constitutes an unfair method of competition and deceptive act in violation of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/2.

78. As a result of Defendant's an unfair methods of competition and deceptive acts, Vigo has suffered damages in an amount that has not yet been ascertained.

79. As a result of Defendant's an unfair methods of competition and deceptive acts, Vigo has suffered irreparable injury to its reputation and good will, and will continue to suffer such injury unless Defendant's wrongful conduct is enjoined by this Court. Vigo has no adequate remedy at law as monetary damages are inadequate to compensate Vigo for injuries caused by Defendant.

80. On information and belief, Defendant's prior actual knowledge of Vigo's composite trademark comprised of the word mark BELLA and the Red-Oval Design demonstrates the willful, intentional and bad-faith nature of Defendant's wrongful conduct.

81. Such conduct, undertaken with a conscious and deliberate disregard for Vigo's trademark rights, entitles Vigo to punitive damages.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

82. Vigo repeats and realleges paragraphs 1 – 81 as if fully set forth herein.

83. Defendant's use of a mark nearly identical and confusingly similar to Vigo's composite trademark comprised of the word mark BELLA and the Red-Oval Design for nearly identical but inferior goods is likely to cause consumer confusion, mistake and deception as to an affiliation, connection or association with Vigo, when none exists.

84. Defendant's use of its BELLI (and red-oval design) mark constitutes common law trademark infringement and unfair competition.

85. On information and belief, Defendant's prior actual knowledge of Vigo's composite trademark comprised of the word mark BELLA and the Red-Oval Design demonstrates the willful, intentional and bad-faith nature of Defendant's wrongful conduct.

86. As a result of Defendant's trademark infringement and unfair competition, Vigo has suffered damages in an amount that has not yet been ascertained.

87. As a result of Defendant's trademark infringement and unfair competition, Vigo has suffered irreparable injury to its reputation and good will, and will continue to suffer such injury unless Defendant's wrongful conduct is enjoined by this Court. Vigo has no adequate remedy at law as monetary damages are inadequate to compensate Vigo for injuries caused by Defendant.

88. On information and belief, Defendant's prior actual knowledge of Vigo's composite trademark comprised of the word mark BELLA and the Red-Oval Design demonstrates the willful, intentional and bad-faith nature of Defendant's wrongful conduct.

89. Such conduct, undertaken with a conscious and deliberate disregard for Vigo's trademark rights, entitles Vigo to punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Vigo prays that this Count enter judgment in its favor and against Celebrity as follows:

A.　Permanently enjoining Defendant, its officers, agents, employees, subsidiaries, parents, affiliates, related entities, suppliers, customers, successors, assigns and attorneys, and those acting in concert with, by or through them, from:

   i.　using in any manner any logo or mark that contains any of Vigo's trademarks and/or any marks confusingly similar thereto;

   ii.　in any way seeking, directly or indirectly, to misappropriate the good will and reputation associated with Vigo's BELLA mark (with or without accompanying design);

   iii.　in any way inducing, directly or indirectly, the belief that Defendant's goods have been or are in any way connected to or associated with or approved or endorsed by Vigo;

B.　Directing Defendant, pursuant to 15 U.S.C. § 1116(a) or otherwise, to file with this Court and serve on Vigo with thirty (30) days of entry of any injunction, or at such other time as directed by the Court, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

C.　Ordering, pursuant to 15 U.S.C. § 1118 or otherwise, the recall and destruction of any marketing materials, advertisements, receptacles, displays and products of

15

Defendant, the use of which is enjoined pursuant to any injunction ordered by the Court, or that are otherwise in violation of the Lanham Act and/or Illinois statutory law or common law;

    D.    Ordering Defendant to pay Vigo:

        i.    An accounting and disgorgement of all of Defendant's profits resulting from infringement and profits and gains of any kind resulting from Defendant's willful violations, and three times the amount thereof pursuant to 15 U.S.C. § 1117(a), and/or Illinois statutory law or common law;

        ii.    Vigo's reasonable attorneys' fees, disbursements, costs, pre- and post-judgment interest, and expenses in connection with this action, pursuant to 15 U.S.C. § 1117(a) and/or Illinois statutory law or common law; and

        iii.    Punitive damages, pursuant to Illinois statutory law and/or common law;

    E.    Awarding Vigo such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Vigo hereby demands a trial by jury with respect to all issues and claims, asserted by any party, triable of right by a jury, in the above-captioned action.

**VIGO IMPORTING COMPANY**

Dated: July 30, 2015  By:  /s/ Steven E. Jedloghski
R. David Donoghue
Steven E. Jedlinski
HOLLAND & KNIGHT LLP
131 South Dearborn Street, 30th Floor
Chicago, IL 60603
Tel:  312.263.3600
Fax:  312.578.6666
david.donoghue@hklaw.com
steven.jedlinski@hklaw.com

*Attorneys for Plaintiff, Vigo Importing Company*